# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1330
Lower Tribunal No. 18-18160-CC-25
_____

**Dri Force Restoration, Inc., etc.,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Giasi Law, P.A., and Melissa A. Giasi (Tampa), for appellant.

Lydecker LLP, and Michelle Diverio and Alejandro Sanchez Parraga, for appellee.


Before SCALES, C.J., and LOGUE and GORDO, JJ.

LOGUE, J.

Dri Force Restoration, Inc., a/a/o Andre Chow, appeals the trial court's final summary judgment entered in favor of Citizens Property Insurance Corporation in Dri Force's breach of contract action. Because we conclude the trial court properly interpreted and applied the plain and unambiguous terms of the insurance contract at issue to the facts of this case, we affirm.

## BACKGROUND

Andre Chow's home was insured under an insurance policy provided by Citizens. The policy contained the following relevant provisions:

F. Additional Coverages

    1. Debris Removal

        a. We will pay your reasonable expense for the removal of:

            (1) Debris of covered property if a Peril Insured Against that applies to the damaged property causes the loss;

                    * * *

    2. Reasonable Emergency Measures

        a. We will pay up to the greater of $3,000 or 1% of your Coverage A limit of liability for the reasonable costs incurred by you for necessary measures taken solely to protect covered property from further damage, when the damage or loss is caused by a Peril Insured Against.

        b. We will not pay more than the amount in a. above, unless we provide you with approval within 48

2

hours of your request to us to exceed the limit in a. above. In such circumstance, we will pay only up to the additional amount for the measures we authorize.

On October 7, 2017, Chow's home sustained water damage from a shower pan leak in the master bathroom ("bathroom claim"). Chow hired Dri Force to perform restoration services. On October 16th, the property suffered separate water damage from a leak in the kitchen's angle valve line ("kitchen claim"), and Dri Force again provided restoration services. The services were completed for the bathroom claim on October 11th, and the kitchen claim on October 20th. Neither Dri Force nor Chow requested approval to exceed the limits set forth in the Reasonable Emergency Measures provision of the policy. Chow executed an assignment of benefits to Dri Force, which included the right to collect payment for the rendered services.

On October 24th, Dri Force submitted itemized invoices to Citizens, including a total of $6,454.41 for the bathroom claim and $10,973.66 for the kitchen claim. Within each invoice there was a $134.46 charge for "[h]aul[ing] debris – per pickup truck load – including dump fees." In December, following an inspection of the property, Citizens sent Dri Force a $3,000 check for each claim, $6,000 in total, "towards [the reasonable emergency measures] limit of liability portion of the claim."

In August 2018, Dri Force filed suit against Citizens, alleging breach of contract for both the kitchen and bathroom claims. Citizens ultimately sought final summary judgment in 2023, arguing that, by paying the $3,000 for each claim, it "fully satisfied its obligations under the insurance policy," and Dri Force was not entitled to any further compensation. Citizens further argued that the debris removal services were included in the reasonable emergency measures fee it paid, because "the debris hauling is in the same invoice for the water mitigation," among other reasons. In support, Citizens filed several affidavits and depositions, including the affidavit and deposition of a licensed adjuster assigned to the case, as well as the deposition of the president of the company who peer reviewed Dri Force's invoices and the field adjuster who reviewed the claims.

In April 2024, Dri Force filed a response in opposition, and a cross motion for final summary judgment. Dri Force did not contest that it was limited to $3,000 for each claim under the Reasonable Emergency Measures provision pursuant to this Court's decision in All Insurance Restoration Services, Inc. v. Citizens Property Insurance Corp., 328 So. 3d 1057 (Fla. 3d DCA 2021);[1] however, it argued that Citizens "ignored the [separate] policy

---

[1] In All Insurance Restoration Services, 328 So. 3d at 1061, this Court held that "[s]eeking payment of an invoice for services already rendered does not equate to requesting authorization to exceed the $3,000 limit." The parties

4

provision that unambiguously provides for additional coverage for debris removal services that is not subject to the policy's $3,000 limit under [the reasonable emergency measures] provision." Dri Force argued that "the debris removal services [it] rendered [were] not within the scope of the performance of its water mitigation services to protect the property from further damage, but [were] costs associated with removing the debris from the property."

Following a June 2024 hearing on the motions, the trial court found that All Insurance Restoration Services limited Dri Force's recovery to $3,000. The trial court noted that the only issue remaining was whether the debris removal services fell within the scope of the Reasonable Emergency Measures provision. Ultimately, the trial court issued an order granting Citizens' motion, denying Dri Force's cross motion, and entering final judgment in favor of Citizens. The trial court concluded the debris removal services were "part of the [reasonable emergency measures] services. . . . The court does not find that the debris removal services go above and beyond the required payment outlined in the subject policy." This appeal followed.

---

on appeal do not dispute that Dri Force failed to request authorization and was entitled to only $3,000 under the Reasonable Emergency Measures provision.

5

## ANALYSIS

Because "[t]he issue in this case stems from a trial court's ruling on summary judgment based upon the interpretation of an insurance contract[,]" our standard of review is de novo. Chandler v. Geico Indem. Co., 78 So. 3d 1293, 1296 (Fla. 2011).

The sole focus of Dri Force's arguments on appeal is the $134.46 charge for hauling debris contained in its invoices for the bathroom claim and the kitchen claim. Dri Force contends that the debris it removed was not part of the reasonable emergency measures services, but a separate service for which it should have been reimbursed under the debris removal clause of the policy.

Florida courts, however, have held that debris removal services performed in conjunction with reasonable emergency measures services do not qualify as a separate charge. In Certified Priority Restoration v. Citizens Property Insurance Corp., 324 So. 3d 5 (Fla. 4th DCA 2021), for example, the Fourth District addressed the exact situation presented in this case. There, an insured hired a company to provide "water removal and remediation services." Id. at 7. As part of those services, the company was required to "remove[ ] damaged drywall from the property by cutting into the wet, moldy portions of the wall and discarding those pieces." Id. The

6

company argued that these services should fall under the "debris removal" section of the policy, not under the reasonable emergency measures section of the policy. The Fourth District disagreed, holding that:

> The removal of the wet drywall does not qualify as "debris removal" because, although the drywall damaged by the water loss and demolition during the repair may have caused "debris," that demolition is not itself "debris removal." See Harbor Communities, LLC v. Landmark Am. Ins. Co., [No. 07-14336-CIV,] 2008 WL 2986424 *5 (S.D. Fla. Aug. 4, 2008) ("'Debris removal' includes the cost of removing debris from one location to another. [It] does not include demolition costs because demolition entails the act of destroying or wrecking. . . . Rather, demolition is an event which creates debris that must be removed."). The drywall removal . . . fell under [the] performance of water mitigation services; thus, there was no genuine issue of material fact on this issue left to present to a jury.

Id. at 10.

Here, Dri Force was hired by Chow to perform "restoration services," not "debris removal." In the complaint, Dri Force stated that it was retained by Chow to "provide emergency restoration services at the property." Dri Force only submitted two invoices for the reasonable emergency measure services, and those invoices included charges for debris removal. Dri Force did not submit separate invoices for the debris removal services. Further, Citizens provided numerous materials in support of its position that any debris removal fell within the performance of Dri Force's restoration services.

7

For example, at the hearing, Citizens referenced the deposition of its expert witness, the president of the company that peer reviewed Dri Force's invoices, who testified that debris disposal is part of the service provided when providing emergency mitigation services and is included in the charge billed for.

Therefore, it is clear that Dri Force was not hired to perform debris removal under subsection 1 of the Additional Coverages provision, but rather reasonable emergency measures services under subsection 2. See Anytime Restoration Servs. of Fla., Inc. v. Citizens Prop. Ins. Corp., 405 So. 3d 462, 465 (Fla. 3d DCA 2025). Here, like Certified Priority Restoration, Dri Force was hired to provide reasonable emergency measures services, and, as a result of those services, they were required to remove debris. The debris removal was not a separate service but fell under the reasonable emergency measures services Citizens compensated Dri Force for. As stated by Citizens at the hearing, the debris removal was "an inherent part of the services for the water restoration[,] . . . [it was] part and parcel of the [reasonable emergency measures] services."

Accordingly, we affirm the trial court's grant of final summary judgment in favor of Citizens.

Affirmed.